# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOHAMED SALADDIN MOUSA, | Case No. 1:19-cv-01349-LJO-SAB (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING COMPLAINT AS DUPLICATIVE |
| v. | |
| TRUMP ADMINISTRATION, et al., | (ECF No. 1) |
| Defendants. | OBJECTIONS DUE WITHIN THIRTY DAYS |

Mohamed Saladdin Mousa ("Plaintiff"), a state prisoner, is appearing pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Currently before the Court is Plaintiff's complaint, filed on September 25, 2019. (ECF No. 1.)

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the

1

pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## ALLEGATIONS IN COMPLAINT

Plaintiff is in the custody of the California Department of Corrections and Rehabilitation and is currently housed at the Sierra Conservation Center. Generally, Plaintiff contends that the Trump administration has failed to honor asylees and refugees who are here in the United States by commanding Immigration and Custom Enforcement ("ICE") to place a hold on them when they get into trouble. Plaintiff contends that he came here legally and was granted asylum under the United Nations Convention Against Torture and the Trump administration is trying to have him deported so that he can be executed by the government that he sought to get away from. Plaintiff states that most refugees, including himself, no longer have citizenship in other countries since they were driven out and their citizenship has been revoked.

Plaintiff has had an ICE hold on place since July of 2019. Plaintiff contends that California Penal Code Sections 1381 and 1389 require that he go to court while concurrently

1    incarcerated and CDCR officials responded that the sections are not applicable to an ICE

2    detainer because it is a federal hold.  Plaintiff responded that he wanted them to investigate or to

3    have him placed in ICE custody or dismiss the hold.  His grievance has been pending since the

4    end of July 2019.  Plaintiff contends that the CDCR knows that the ICE hold is obvious torture.

5           Plaintiff was told by Correctional Counselor Soares in a classification hearing that

6    because of the ICE hold he will not be eligible for time reduction at thirty-three percent and his

7    time will remain at fifty percent unlike other inmates.  Plaintiff contends that he won his

8    previous deportation cases and in his last case was granted asylum, and that the ICE hold is

9    double jeopardy.

10          Egypt revoked Plaintiff's citizenship in 2013.  Plaintiff sent a letter to the ICE office in

11   Bakersfield explaining his situation and asking for their cooperation.  He asked that they review

12   his statement and his file and dismiss the ICE hold they had placed on him.  He has not received

13   a response since June 2019.  Plaintiff is asking for the Court to dismiss the ICE hold.

**III.**

**DISCUSSION**

16          In this instance, the Court finds that Plaintiff currently has an action pending in the

17   Northern District of California that is based upon the same claims alleged in this action and seeks

18   the same relief.  A plaintiff generally has "no right to maintain two separate actions involving the

19   same subject matter at the same time in the same court and against the same defendant."  Adams

20   v. California Dep't of Health Servs., 487 F.3d 684, 688 (9th Cir. 2007) (citations omitted).  "To

21   determine whether a suit is duplicative, we borrow from the test for claim preclusion."  Adams,

22   497 F.3d at 688.  " '[T]he true test of the sufficiency of a plea of 'other suit pending' in another

23   forum [i]s the legal efficacy of the first suit, when finally disposed of, as 'the thing adjudged,'

24   regarding the matters at issue in the second suit.' "  Id.  (alteration in original) (quoting The

25   Haytian Republic, 154 U.S. 118, 124 (1894) ).  To determine whether an action is duplicative,

26   the Court considers "whether the causes of action and relief sought, as well as the parties or

27   privies to the action, are the same."  Adams, 487 F.3d at 689.

28          On July 22, 2019, Plaintiff filed an action in the Northern District of California against

3

1  ICE and the CDCR that is currently pending.[1]  <u>Mousa v. Immigration & Customs Enforcement</u>,

2  No. 5:19-cv-03985-SVK (N.D. Cal.).  In his complaint in the Northern District case, Plaintiff

3  alleged that he is not deportable with no country of citizenship anymore.  <u>Id.</u> at ECF No. 7.  He

4  was granted asylum by a federal judge in 2014 under the United States Convention Against

5  Torture and Egypt revoked his citizenship.  Plaintiff states that it violates the Convention to

6  attempt to reopen the matter or hold him and it is possible double jeopardy.  Plaintiff sent letters

7  explaining the situation but got no response.  (<u>Id.</u>)  The hold is stopping Plaintiff from being

8  released to a program and ICE is not cooperating with California Penal Code section 1381.

9  Plaintiff seeks to lift the ICE hold and be able to get early release or program release.  (<u>Id.</u>)

10       **A.    Both Suits Involve the Same Cause of Action**

11       In determining if the causes of action are the same, "[w]hether two events are part of the

12  same transaction or series depends on whether they are related to the same set of facts and

13  whether they could conveniently be tried together."  <u>Adams</u>, 487 F.3d at 689.  Here, it is clear

14  that both actions have a common transactional nucleus of facts.  They are both based on the fact

15  that Plaintiff was granted asylum under the United Nations Convention Against Torture and that

16  there is currently an ICE hold on him while he is incarcerated which is preventing him from

17  early release.  Both actions allege violation of the United Nations Convention Against Torture,

18  that he has not been brought to Court within the time requirements of the California Penal Code,

19  and that he is being exposed to double jeopardy.  While the current complaint is more detailed

20  and names additional defendants, the claims are the same and the same relief is sought.  The

21  claims in both actions could be conveniently tried together because they are based on the same

22  facts, that Plaintiff has been granted asylum and there is now an ICE hold on him.

23       Further, any decision in the Northern District case would necessarily determine the rights

24  and interests in this action.  The Court finds that the present complaint arises out of the same

25  transactional nucleus of facts asserted in the Northern District Action and the rights established

26  by a judgment in that action would be destroyed or impaired by a judgment in this action.  Thus,

27  _____

[1] Judicial notice may be taken "of court filings and other matters of public record."  <u>Reyn's Pasta Bella, LLC v. Visa USA, Inc.</u>, 442 F.3d 741, 746 n.6 (9th Cir. 2006); <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 689 (9th Cir. 2001).

28  The Court takes judicial notice of the records of the Northern District of California.

4

1 these two actions involve the same cause of action.

2         **B.      The Parties are the Same or are in Privity**

3      Plaintiff's case in the Northern District was brought against ICE and the CDCR. This

4 action is brought against the Trump administration, ICE, the CDCR and the Warden of the Sierra

5 Conservation Center. In bringing his action against ICE or the Trump administration both

6 defendants are a entity of the United States of America and the parties in both actions will be

7 represented by the United States Attorney. Similarly, Plaintiff's complaints against the CDCR

8 and the warden at Sierra Conservation Camp are either an department or an employee of the

9 State of California. Both defendants will be represented by the California Attorney General.

10      Privity exists in these cases because each current defendant is a government or

11 government employee who is 'so identified in interest with a party to [other] litigation that he

12 represents precisely the same right in respect to the subject matter involved." In re Schimmels,

13 127 F.3d 875, 881 (9th Cir. 1997) (citations omitted). Therefore, the Court finds that there is

14 privity between these defendants.

15         **C.      Dismissal of this Duplicative Action Promotes Judicial Economy and the**
                    **Comprehensive Disposition of Litigation**

16

17      The Court has discretion to determine whether this action should be dismissed or stayed

18 pending resolution of the prior filed action. Adams, 487 F.3d at 692; see M.M. v. Lafayette Sch.

19 Dist., 681 F.3d 1082, 1091 (9th Cir. 2012) (district court has discretion to control docket and can

20 dismiss duplicative claims). "Dismissal of the duplicative lawsuit, more so than the issuance of a

21 stay or the enjoinment of proceedings, promotes judicial economy and the 'comprehensive

22 disposition of litigation.' " Adams, 487 F.3d at 692–93 (quoting Kerotest Mfg. Co. v. C–O–Two

23 Fire Equip. Co., 342 U.S. 180, 183 (1952)). Here, both actions are in the preliminary stages and

24 it would be a waste of judicial resources for both this Court and the Northern District to screen

25 and litigate the same claims against the same defendants based on the same transactional nucleus

26 of facts.

27      Further, "[r]epetitious litigation of virtually identical causes of action is subject to

28 dismissal under 28 U.S.C. § 1915(d) as malicious." Bailey v. Johnson, 846 F.2d 1019, 1021 (5th

Cir. 1988).  The Court does not abuse its discretion where it dismisses a complaint under §

1915(d) "that merely repeats pending or previously litigated claims.  <u>Cato v. United States</u>, 70

F.3d 1103, 1105 n. 2 (9th Cir. 1995).

 The Court recommends that this duplicative action be dismissed.

**IV.**

**CONCLUSION AND RECOMMENDATION**

 Based on the foregoing, IT IS HEREBY RECOMMENDED that this action be dismissed

as duplicative.

 This findings and recommendations is submitted to the district judge assigned to this

action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within **thirty (30)**

**days** of service of this recommendation, Plaintiff may file written objections to this findings and

recommendations with the court.  Such a document should be captioned "Objections to

Magistrate Judge's Findings and Recommendations."  The district judge will review the

magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).

Plaintiff is advised that failure to file objections within the specified time may result in the

waiver of rights on appeal.  <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing

<u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).


IT IS SO ORDERED.

Dated: **October 2, 2019**

          UNITED STATES MAGISTRATE JUDGE