# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| MOHAMED SALADDIN MOUSA, | Case No. 1:19-cv-01349-LJO-SAB (PC) |
|---|---|
| Plaintiff, | FINDINGS AND RECOMMENDATINGS RECOMMENDING DENYING PLAINTIFF'S MOTIONS FOR INJUNCTIVE RELIEF |
| v. | |
| TRUMP ADMINISTRATION, et al., | (ECF Nos. 13, 16) |
| Defendants. | OBJECTIONS DUE WITHIN THIRTY DAYS |

Mohamed Saladdin Mousa ("Plaintiff"), a state prisoner, is appearing pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Currently before the Court are Plaintiff's motions for injunctive relief filed November 18, 2019 and December 12, 2019.

**I.**

**PROCEDURAL HISTORY**

On September 25, 2019, Plaintiff filed this action seeking dismissal of an immigration detainer that is currently in place pending his release from prison. (ECF No. 1.) On October 3, 2019, findings and recommendations issued recommending dismissing this action as duplicative of an action filed in the Northern District of California. (ECF No. 6.) Plaintiff filed objections on October 28, 2019, on the ground that the action filed in the Northern District has been transferred to the Eastern District of California and converted to a habeas petition. (ECF No. 9.)

Based on Plaintiff's objection, the findings and recommendations was vacated on November 6, 2019. (ECF No. 11.)

Plaintiff's complaint was screened and on November 15, 2019, an order issued finding that Plaintiff had failed to state a cognizable claim and he was granted leave to file an amended complaint within thirty days. (ECF No. 12.) On November 18, 2019, Plaintiff filed a letter seeking to have the immigration detainer lifted or an evidentiary hearing to prevent him from being deported. (ECF No. 13.) On November 21, 2019, Plaintiff filed a notice that was stricken from the record as it was unsigned. (ECF Nos. 14, 15.) On December 12, 2019, Plaintiff refiled the letter seeking to have the immigration hold lifted or an evidentiary hearing to prevent him from being deported. (ECF No. 16.) Plaintiff has not yet filed an amended complaint.

## II.

## LEGAL STANDARD

The jurisdiction of the federal courts is limited to those cases that are authorized by the Constitution or statute. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994); Home Depot U. S. A., Inc. v. Jackson, 139 S. Ct. 1743, 1746 reh'g denied, 140 S. Ct. 17 (2019). Procedurally, a federal district court may issue injunctive relief only if it has personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit. See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party serve must appear to defend."). Furthermore, the Court's jurisdiction is limited to the parties in the particular action and to the viable legal claims upon which an action is proceeding. Summers v. Earth Island Inst., 555 U.S. 488, 491–93 (2009); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010).

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 24 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his

favor, and that an injunction is in the public interest." Winter, 555 U.S. at 20 (citations omitted). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. Id. at 22 (citation omitted). "Under Winter, plaintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction." Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011).

## III.

## DISCUSSION

Here, Plaintiff has the same letter on November 18, 2019 and December 12, 2019 seeking injunctive relief. The letter seeks to lift a pending immigration detainer or for the Court to grant an evidentiary hearing to determine the merits of his claim that he is exempt from deportation. Plaintiff has failed to make a sufficient showing to warrant a preliminary injunction.

First, Plaintiff filed these requests while there is no operative complaint in the action. Plaintiff's complaint was screened and was found not to state a cognizable claim; and no defendant has been served with process in this action. Until one or more of the defendants have been served with process, this Court lacks personal jurisdiction over them, and may not grant the injunctive relief Plaintiff requests. See Fed. R. Civ. P. 65(d)(2); Murphy Bros., Inc., 526 U.S. at 350.

Second, Plaintiff seeks to have this Court address an immigration detainer that is in place while he is the custody of the California Department of Corrections and Rehabilitation. As Plaintiff was previously advised in the November 15, 2019 screening order, to the extent he is attempting to preemptively litigate any defense to future removal proceedings, this Court lacks jurisdiction to address his claims. See 8 U.S.C. § 1252(b)(9) ("Judicial review of all questions of law or fact . . . arising from any action taken or proceeding brought to remove an alien from the United States . . . shall be available only in judicial review of a final order of removal . . . ."); 8 U.S.C. § 1252(a)(5) ("[A] petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means for judicial review of an order of removal . . . ."). Any claims challenging a final order or seeking to be released from custody once he is transferred into federal custody are properly raised in habeas corpus and not in an action brought under section

1983. Zadvydas v. Davis, 533 U.S. 678, 687 (2001). Plaintiff has not had an immigration hearing and no final order has issued. Therefore, there is no final order over which this Court would have jurisdiction. Further, such claims would need to be raised in habeas corpus and not in this 1983 action. Therefore, this Court does not have jurisdiction to address the immigration detainer in this action.

Third, in order to establish that preliminary injunctive relief should be granted, a plaintiff must "demonstrate that irreparable injury is likely in the absence of an injunction." Winter, 555 U.S. at 22. This requires that plaintiff allege 'specific facts in an affidavit or a verified complaint [which] clearly show" a credible threat of "immediate and irreparable injury, loss, or damage." Fed. R. Civ. P. 65(b)(1)(A). However, while there is an immigration detainer in place, it is speculative that Plaintiff's case will be decided adversely and that he will be ordered deported. Therefore, Plaintiff's allegations that he currently faces immediate and irreparable harm are speculative. Caribbean Marine Servs. Co. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988) ("Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction." (citation omitted)). "[A] plaintiff must demonstrate immediate threatened injury as a prerequisite to preliminary injunctive relief. Caribbean Marine Servs. Co., 844 F.2d at 674. Consequently, Plaintiff has failed to establish that he currently faces the type of immediate and credible threat of irreparable harm necessary to justify extraordinary injunctive relief at this stage of the case.

## IV.

## CONCLUSION AND RECOMMENDATIONS

Plaintiff seeks injunctive relief over which this Court does not have jurisdiction and he has failed to demonstrate that faces an immediate and credible threat of irreparable injury. Accordingly, IT IS HEREBY RECOMMENDED that Plaintiff's request for injunctive relief, filed November 18, 2019 and December 12, 2019 be DENIED.

This findings and recommendations is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within **fourteen (14) days** of service of this recommendation, Plaintiff may file written objections to this findings

and recommendations with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **December 13, 2019**

UNITED STATES MAGISTRATE JUDGE