# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOHAMED SALADDIN MOUSA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>TRUMP ADMINISTRATION, et al.,<br><br>　　　　Defendants. | Case No. 1:19-cv-01349-LJO-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSING PLAINTIFF'S FIRST AMENDED COMPLAINT WITH PREJUDICE FOR FAILURE TO STATE A CLAIM<br><br>(ECF No. 17)<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

Mohamed Saladdin Mousa ("Plaintiff"), a state prisoner, is appearing pro se and *in forma pauperis* in this action. Currently before the Court is Plaintiff's first amended complaint, filed on December 12, 2019.

## I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## DISCUSSION

Plaintiff is in the custody of the California Department of Corrections and Rehabilitation and is housed at the California Correctional Institution, Tehachapi. Plaintiff states that since June 2019 he has been sending letters to the Director of Immigrations and Customs Enforcement[1] in Bakersfield requesting that he be taken to court on a detainer that was placed on him. Plaintiff has received no response. Plaintiff brings this action against the unknown director alleging violation of his right to access of the court under the First Amendment.

Congress passed 42 U.S.C. § 1983 which entitles an injured person to sue for monetary

---

[1] "In 2002, Congress enacted the Homeland Security Act, Pub. L. No. 107–296, 116 Stat. 2135, abolishing the INS and transferring most of its immigration functions to the newly-formed Department of Homeland Security ("DHS"), in which Immigration and Customs Enforcement ("ICE") is housed." Flores v. Lynch, 828 F.3d 898, 904 (9th Cir. 2016).

damages if a state official violates his or her constitutional rights. However, "Congress did not create an analogous statute for federal officials." Ziglar v. Abbasi, 137 S. Ct. 1843, 1854 (2017). In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), the Supreme Court held that, even absent statutory authorization, a federal official could be sued for damages for an unreasonable search and seizure in violation of the Fourth Amendment. Bivens, 403 U.S. at 397; see Lanuza v. Love, 899 F.3d 1019, 1021 (9th Cir. 2018) ("Bivens is the first Supreme Court decision to recognize an implied right of action for damages against federal officers alleged to have violated a plaintiff's constitutional rights."). Since Bivens was decided the Supreme Court has recognized an implied cause of action in two other cases involving other constitutional violations. Id.

In Ziglar, the Supreme Court set forth a two-part test for courts to use in order to determine whether a Bivens claim may proceed. Ziglar, 137 S. Ct. at 1859-60. First, the court must determine whether the case presents a new Bivens context. "If [a] case is different in a meaningful way from previous Bivens cases decided by [the Supreme Court], the context is new." Id. at 1859.

Second, if a case presents a new context for a Bivens action, the court must then determine whether there are any "special factors counselling hesitation in the absence of affirmative action by Congress." Ziglar, 137 S. Ct. at 1857 (citation omitted). The "special factors" inquiry "must concentrate on whether the Judiciary is well suited, absent congressional action or instruction, to consider and weigh the costs and benefits of allowing a damages action to proceed.'" Id. at 1857-58. Ziglar specifically noted that, "if there is an affirmative remedial structure present in a certain case, that alone may limit the power of the Judiciary to infer a new Bivens cause of action." Ziglar, 137 S. Ct. at 1858. "In sum, if there are sound reasons to think Congress might doubt the efficacy or necessity of a damages remedy as part of the system for enforcing the law and correcting a wrong, the courts must refrain from creating the remedy in order to respect the role of Congress in determining the nature and extent of federal-court jurisdiction under Article III." Id.; see also id. at 1857 (stating that the Supreme Court has made it "clear that expanding the Bivens remedy is now a 'disfavored' judicial activity," which is "in

accord with the Court's observation that it has 'consistently refused to extend <u>Bivens</u> to any new context or new category of defendants.'" (internal citations omitted)). Therefore, the Court considers if there is an implied <u>Bivens</u> cause of action for access to the courts.

   1. <u>Plaintiff's First Amendment Claim Presents a New Bivens Context</u>

  The Supreme Court has implied a damages remedy under the U.S. Constitution in only three contexts: (1) Fourth Amendment unreasonable search and seizure in <u>Bivens</u>, 403 U.S. at 396-97; (2) Fifth Amendment gender discrimination in <u>Davis v. Passman</u>, 442 U.S. 228, 248-49 (1979); and (3) Eighth Amendment deliberate indifference to serious medical needs in <u>Carlson v. Green</u>, 446 U.S. 14, 19 (1980). "These three cases – <u>Bivens</u>, <u>Davis</u>, and <u>Carlson</u> – represent the only instances in which the Court has approved of an implied damages remedy under the Constitution itself." <u>Ziglar</u>, 137 S. Ct. at 1855. Therefore, Plaintiff's claim for denial of access to the courts in violation of the First Amendment presents a new <u>Bivens</u> context. Hence, the Court must evaluate whether special factors counsel against extending the <u>Bivens</u> damages remedy to this new context.

   2. <u>Special Factors Counsel Against Extending the Bivens Remedy in this Case</u>

  Here, the Court finds that special factors counsel hesitation in implying a <u>Bivens</u> damages remedy in the context of a First Amendment claim for denial of access to the court for three reasons.

  First, the Supreme Court has "never held that <u>Bivens</u> extends to First Amendment claims." <u>Reichle v. Howards</u>, 566 U.S. 658, 663 n.4 (2012). In fact, in <u>Bush v. Lucas</u>, 462 U.S. 367, the Supreme Court refused to extend <u>Bivens</u> to a First Amendment free speech and retaliatory demotion claim by a federal employee against the employee's supervisor on the ground that "Congress is in a better position to decide whether or not the public interest would be served by creating" a new substantive legal damages remedy in the action's specific First Amendment context. <u>Bush</u>, 462 U.S. at 390.

  Second, Congress has enacted extensive laws regarding the inspection, admission, and deportation of aliens. 8 U.S.C. § 1151 et seq. <u>See</u> <u>Ziglar</u>, 137 S. Ct. at 1858 ("[I]f Congress has created any alternative, existing process for protecting the [injured party's] interest that itself

may amoun[t] to a convincing reason for the Judicial Branch to refrain from providing a new and freestanding remedy in damages.") In this case, Plaintiff is attempting to preemptively litigate his defense to future removal proceedings. (See Motions for Injunctive Relief, ECF Nos. 13, 16.) However, this Court lacks jurisdiction to address those claims. See 8 U.S.C. § 1252(b)(9) ("Judicial review of all questions of law or fact . . . arising from any action taken or proceeding brought to remove an alien from the United States . . . shall be available only in judicial review of a final order of removal . . . ."); 8 U.S.C. § 1252(a)(5) ("[A] petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means for judicial review of an order of removal . . . ."). Plaintiff can challenge his removal proceedings in this court only after a final order of removal is issued.

Third, the Court finds that "extending Bivens to [Plaintiff's First Amendment claim] would substantially affect government operations and unduly burden [DHS] officials who must defend against this suit in their personal capacities." Schwarz v. Meinberg, 761 F. App'x 732, 735 (9th Cir. 2019) (declining to extend Bivens remedies to a plaintiff's access to courts claim under the First and Fifth Amendments and a Fifth Amendment claim regarding denial of plaintiff's request for camp placement); see also Anderson v. Creighton, 483 U.S. 635, 638 (1987) ("[P]ermitting damages suits against government officials can entail substantial social costs, including the risk that fear of personal monetary liability and harassing litigation will unduly inhibit officials in the discharge of their duties.").

Plaintiff brings this against the director of the local ICE office for failure to respond to his request to be have an immigration hearing alleging that it violates his right of to access the courts. Detainees and prisoners have a fundamental constitutional right to access to the courts that requires authorities to assist in the preparation and filing of meaningful legal papers by providing adequate law libraries or adequate assistance from persons trained in the law and not to obstruct their access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996) (quoting Bounds v. Smith, 430 U.S. 817, 97 (1977)); Orantes-Hernandez v. Meese, 685 F.Supp.1488, 1510 (C.D. Cal. 1988), aff'd sub nom. Orantes-Hernandez v. Thornburgh, 919 F.2d 549 (9th Cir. 1990). Here, although Plaintiff alleges an access to the court claim against a federal officer, he is not a

detainee in a federal facility, but is a prisoner in the custody of the state serving a criminal sentence.

An immigration detainer "serves to advise another law enforcement agency that the Department seeks custody of an alien presently in the custody of that agency, for the purpose of arresting and removing the alien. The detainer is a request that such agency advise the Department, prior to release of the alien, in order for the Department to arrange to assume custody, in situations when gaining immediate physical custody is either impracticable or impossible. 8 C.F.R. § 287.7(a). The statute itself provides that the detainer is a request for the agency having custody of Plaintiff to advise when Plaintiff is set to be released so that ICE can assume custody of Plaintiff. The detainer provides no right to appear within a certain time period on the immigration charges but merely informs the custodial agency that the federal government intends to take custody upon Plaintiff's release. Once Plaintiff is released into federal custody, the immigration statutes will govern his right to a hearing and detention. 8 U.S.C. § 1226; 8 C.F.R. § 287.3; see Jennings v. Rodriguez, 138 S. Ct. 830, 837 (2018) (U.S. immigration law authorizes the Government to detain certain aliens already in the country pending the outcome of removal proceedings under §§ 1226(a) and (c).). Although a detainer has been placed on Plaintiff, he is not in the custody of the federal government.

Since Plaintiff is a prisoner in the custody of the state, the gravamen of his complaint is that federal officials have not transferred him to their custody so he can appear for an immigration hearing. However, Plaintiff has no right to be transferred to federal custody while serving his state sentence. See Olim v. Wakinekona, 461 U.S. 238, 245 (1983) (no protectable interest in being housed in a specific prison or particular state); Meachum v. Fano, 427 U.S. 215, 229 (1976) (Due Process Clause does not impose a rule mandating transfer hearings); Corgain v. Miller, 708 F.2d 1241, 1254 (7th Cir. 1983) (United States Constitution does not mandate hearings to be transferred from state to federal custody); United States v. Klein, 589 F. App'x 909, 911 (10th Cir. 2014) (no protectable liberty interest in having the term of supervised release proactively revoked so that defendant can be transferred from a state institution into federal custody); Roberts v. Myers, No. 4:11-CV-01756-RBH, 2012 WL 2018521, at *3 (D.S.C. June 5,

2012) ("the mere lodging of a detainer does not rise to a deprivation of a liberty interest"). Recognizing a <u>Bivens</u> remedy in the current context would unduly burden federal officials by requiring them to defend actions where no right exists for a detainee to be transferred from state to federal custody to appear for immigration proceedings at the request of the alien.

Therefore, the Court finds that special factors counsel hesitation in this context and, thus, declines to find an implied <u>Bivens</u> cause of action for failing to bring Plaintiff into federal custody for an immigration hearing in violation of the First Amendment. See <u>Free v. Peikar</u>, No. 1:17-cv-00159-AWI-MJS (PC), 2018 WL 1569030, at *2 (E.D. Cal. Mar. 30, 2018) ("Nationwide, district courts seem to be in agreement that, post-[Ziglar], prisoners have no right to bring a <u>Bivens</u> action for violation of the First Amendment."). Consequently, Plaintiff has failed to state a cognizable claim against the unidentified official for failing to respond to his request for an immigration hearing in violation of the First Amendment. Since this is a deficiency that cannot be cured by amendment, the Court concludes that granting leave to amend would be futile.

## IV.

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, Plaintiff's complaint fails to state a cognizable claim for relief under <u>Bivens</u> against any named Defendant. Since the defects in Plaintiff's complaint are not capable of being cured through amendment, granting leave to amend would be futile. <u>Akhtar v. Mesa</u>, 698 F.3d 1202, 1213 (9th Cir. 2012).

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed, with prejudice, for failure to state a cognizable claim upon which relief may be granted.

This findings and recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with this findings and recommendation, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on

appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **December 16, 2019**

_____
UNITED STATES MAGISTRATE JUDGE